UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KARRIEM WILSON**<br><br>Petitioner,<br><br>v.<br><br>**NORTHERN STATE PRISON and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,**<br><br>Respondents. | Civ. No. 10-cv-05615 (KM)<br><br>**MEMORANDUM OPINION** |

This matter is before the Court on Karriem Wilson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 2000 New Jersey state court conviction and sentence. For reasons discussed below, this § 2254 habeas petition will be dismissed under 28 U.S.C. §2244(d) because it was filed after the one-year statute of limitations had expired. This dismissal is without prejudice to a motion to reinstate the petition based on a showing that the limitations period was equitably tolled.

I. **PROCEDURAL BACKGROUND**

Petitioner, Karriem Wilson ("Petitioner"), filed a petition for habeas corpus relief which was signed and dated on October 23, 2010, and received by the clerk of this Court on October 28, 2010. According to the allegations of his petition, Petitioner was convicted and sentenced on January 21, 2000, in the Superior Court of New Jersey, Law Division, on counts of conspiracy to commit

1

murder (count one) and the lesser offense of aggravated manslaughter (count two). The Appellate Division affirmed the conviction on direct appeal, and the Supreme Court of New Jersey denied certification on November 7, 2002. Thereafter, Petitioner applied for post-conviction relief ("PCR") on December 30, 2003. The state trial court denied Petitioner's application for PCR on March 26, 2008. The Superior Court of New Jersey, Appellate Division, affirmed the denial of PCR on December 22, 2009, and the Supreme Court of New Jersey denied review on April 22, 2010.

## II. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ...
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Evaluation of the timeliness of a § 2254 petition therefore requires a determination of

> 1. The date the pertinent judgment became "final";

2

2. The excluded period of time during which an application for state post-conviction relief was "properly filed" and "pending";

3. The date the § 2254 petition itself was filed.

I make those three determinations as follows.

*First*, a state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13. Applying those principles, I find that Petitioner's criminal judgment became "final" on February 5, 2003.

*Second*, the limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, starting from the time it is "properly filed."[1] The statute of limitations is also tolled during the period between a lower state court's PCR decision and the filing of a

---

[1] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on abusive filers, or on all filers generally. But for present purposes, the question whether an application has been "properly filed" is a simple one, and is separate from the question whether the claims contained in the application are meritorious and free from any procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002),[2] or through the time in which an appeal could have been filed, even if it was not filed. Swartz, 204 F.3d at 420-24. The time occupied by the pendency of any state-court appeal from the trial court's disposition of the PCR is likewise excluded. The ensuing 90-day period during which a prisoner may seek a writ of certiorari from the United States Supreme Court, however, is *not* excluded. Stokes v. Dist. Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) ("the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)"). Applying those principles, I find that the statute of limitations was not running in the period from December 30, 2003, when the PCR petition was filed, through April 22, 2010, when the New Jersey Supreme Court denied review.

*Third,* I consider the present § 2254 habeas petition to have been filed on October 23, 2010. Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (citing Houston v. Lack, 487 U.S. 266, 270-71 (1988), and applying prison mailbox rule to a pro se prisoner's

---

[2] Thus the time remains suspended, and does not resume running, in the period from entry of the trial court's PCR order to the timely filing of an appeal from that order. The State's calculation seems to have overlooked this portion of the post-conviction-relief exclusion. The Petition is untimely in either case.

filing of a habeas petition). When the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will often look to the signed and dated certification of the petition. See <u>Henderson v. Frank</u>, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). This Petition is dated October 23, 2010, and I will indulge the Petitioner-favorable assumption that it was handed to prison officials the same day.[3]

The timeliness, or not, of this Petition should thus be analyzed as follows:

| Date | Event | Time elapsed[4] |
|---|---|---|
| 2/5/2003 | Conviction became final | ↑ 328 days ↓ |
| 12/30/2003 | PCR filed | ↑ *Excluded time* ↓ |
| 4/22/2010 | NJ Supreme Court denies review of PCR denial | ↑ 184 days ↓ |
| 10/23/2010 | This § 2254 habeas petition filed | |
| | **TOTAL** | **512 days** |

---

[3] The Petition was received and filed by the clerk of this Court on October 28, 2013. The five-day discrepancy between October 23 and October 28 would not alter the analysis.

[4] I used an online date-to-date calculator that measures intervals "from the start date to the end date, but not including the end date." www.timeanddate.com.

5

The one-year statute of limitations started running when Petitioner's conviction became final on February 5, 2003; it was tolled while Petitioner's PCR and related appeals were pending from December 30, 2003 until April 22, 2010; and it resumed running thereafter, until Petitioner filed his habeas petition on October 23, 2010. A total of 512 countable days elapsed. That period is 147 days in excess of the one-year statute of limitations under 28 U.S.C. § 2244(d). Because the Petition is not timely, it must be dismissed.

### III. EQUITABLE TOLLING

One matter remains. Even if a petition is not timely filed within the one-year statute of limitations, a petitioner may demonstrate extraordinary reasons for the delay that would excuse his late filing under the doctrine of "equitable tolling." See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava

v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Neglect, excusable or otherwise, does not constitute an "extraordinary circumstance" sufficient to invoke the equitable tolling doctrine. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159. Likewise, the Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes do not constitute extraordinary circumstances for purposes of equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even then, however, dismissal may be appropriate: "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In short, extraordinary circumstances may be extraordinarily difficult to establish. Nevertheless, I am cognizant that the Petitioner may not have been focused on the statute of limitations generally, or on the equitable tolling issue in particular. Therefore, this dismissal of the petition is without prejudice to a demonstration of extraordinary circumstances that would justify equitable tolling. I make this reservation in an abundance of caution, as no such extraordinary circumstances are suggested by the current Petition. Petitioner is neither required nor expected to make such a submission unless the circumstances warrant it.

## IV. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed as time-barred under 28 U.S.C. § 2244(d). This dismissal is without prejudice to a submission demonstrating extraordinary circumstances that would justify the belated filing of the Petition under the doctrine of equitable tolling. Such a submission must set forth the relevant facts, and may take the form of a motion with the underlying facts established by appropriate affidavits or certifications. An appropriate order accompanies this Memorandum Opinion.

_____
KEVIN MCNULTY
United States District Judge

Dated: May 31, 2013